United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SEIKO EPSON CORPORATION,

    Plaintiff,

  v.

CORETRONIC CORPORATION and
OPTOMA TECHNOLOGY, INC.,

    Defendants.
                                         /

No. C 06-06946 MHP

**MEMORANDUM & ORDER**

**Re: Plaintiff's Motion to Amend its Preliminary Infringement Contentions**

      On November 6, 2006 plaintiff Seiko Epson Corporation ("Seiko" or "plaintiff") brought this action against Coretronic Corporation and Optoma Technology, Inc. (collectively "Coretronic" or "defendants") alleging infringement of various U.S. Patents relating to display projectors. Now before the court is plaintiff's motion to amend its preliminary infringement contentions. Having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

BACKGROUND[1]

      On June 19, 2007 Seiko served interrogatories on Coretronic that sought an identification of all the companies for which Coretronic has designed and/or manufactured projectors along with the trade names and designations of those projectors. The interrogatories also sought an identification, *inter alia*, of Coretronic's projectors that were substantially similar to the projectors Seiko then understood to infringe the asserted patents. Coretronic's responses, provided on July 19, 2007, did not fully answer the interrogatories.

1   In its July 20, 2007 preliminary infringement contentions, Seiko accused eighteen Coretronic
2 projectors of infringement. Subsequently, after attempting in vain to obtain responses to the
3 unanswered June 2007 interrogatories, Seiko brought a motion to compel that was heard by
4 Magistrate Judge LaPorte on February 26, 2008. Judge LaPorte granted the motion in part and
5 Coretronic's supplemental responses were served on March 27, 2008.

6   The supplemental responses were all designated "Confidential - Outside Attorneys' Eyes
7 Only." Utermohlen Dec., Exh. 1. The responses identified many projectors as having
8 "potentially . . . the same configuration as those used in the accused products." Id. at 2–3. Seiko's
9 counsel sought to investigate these projectors by attempting to purchase an example of each
10 projector sold in the United States. However, Seiko's counsel states that many of the products are
11 no longer available for purchase, even in used form. Accordingly, counsel wrote Coretronic on
12 April 8, 2008 asking to inspect samples of projectors not available for purchase. Id., Exh. 2.
13 Coretronic refused that request a week later. Id., Exh. 3. Nevertheless, counsel did succeed in
14 purchasing three projectors, which they now claim infringe Seiko's patents. Defendants do not
15 dispute that Seiko may amend its preliminary infringement contentions with respect to these three
16 projector models.

17   Plaintiff now moves to add twenty-four other projector models to its preliminary
18 infringement contentions. This is in addition to the eighteen initially identified. Each of these
19 models was identified by Coretronic in their supplemental discovery response to interrogatory
20 number 1. See id., Exh. 1 at 2–4.

21

22 LEGAL STANDARD

23   Under the local patent rules, "[e]ach party's 'Preliminary Infringement Contentions' and
24 'Preliminary Invalidity Contentions' shall be deemed to be that party's final contentions . . . ." Pat.
25 L.R. 3-6. However, there is an exception with respect to preliminary infringement contentions:

26   If a party claiming patent infringement believes in good faith that (1) the Court's
    Claim Construction Ruling or (2) the documents produced pursuant to Patent L.R. 3-4
27   so requires, not later than 30 days after service by the Court of its Claim Construction
    Ruling, that party may serve 'Final Infringement Contentions' without leave of court
28   that amend its 'Preliminary Infringement Contentions' with respect to the information
    required by Patent L.R. 3-1(c) and (d).

2

Pat. L.R. 3-6(a). If the amendment does not fall into this exception, then amendments of preliminary or final infringement contentions "may be made only by order of the Court, which shall be entered only upon a showing of good cause." Pat. L.R. 3-7.[2]

The "good cause" requirement disallows infringement contentions from becoming moving targets throughout the lawsuit. Integrated Circuit Sys., Inc. v. Realtek, 308 F. Supp. 2d 1106, 1107 (N.D. Cal. 2004) (Zimmerman, J.). Specifically, with respect to Patent Local Rule 3-7's predecessor rule 16-9(c), this district has stated:

> The patent local rules were adopted by this district in order to give claim charts more 'bite.' The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed. Rule 16-9(c) advances this purpose by making it difficult subsequently to revise claim charts through eleventh hour 'discovery' of facts. Unlike the liberal policy for amending pleadings, the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction [and] ensure that litigants put all their cards on the table up front.

Id. (quoting Atmel Corp. v. Info. Storage Devices, Inc., No. C 95-1987 FMS, 1998 WL 775115, at *2–*3 (N.D. Cal. Nov. 5, 1998) (Smith, J.)).

To effectuate purposes of both transparency and efficiency, application of the rule turns on: 1) plaintiff's ability to learn of the additional devices prior to the final infringement contentions date; and 2) prejudice to the parties. This inquiry first considers whether plaintiff was diligent in amending its contentions and then considers prejudice to the non-moving party. O2 Micro Intern. Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1366–68 (Fed. Cir. 2006).

DISCUSSION

In order to show good cause, Seiko claims it was unaware that Coretronic manufactured these twenty-four other potentially infringing projector models until it received Coretronic's supplemental responses. Defendants refuse to publicly disclose these model numbers due to competitive reasons, Utermohlen Dec., Exhs. 2 & 3, and consequently, Seiko claims that due to the non-public nature of this information, it could not have made these allegations of infringement at the time it filed its preliminary infringement contentions. The court agrees.

The parties' dispute, however, centers around the addition of projector models identified in Coretronic's supplemental response as "potentially . . . the same configuration as those used in the

3

accused products" that Seiko has not even inspected thus far.  Indeed, Seiko's only basis for the addition of these projectors is based on Coretronic's representations.  With respect to interrogatory number 1, Judge LaPorte's order asked Coretronic to "identify, under oath, any model designations or other names under which projectors have been sold having the same configurations, with respect to ventilation or mounting of the lamp reflector to the lamp housing, as the defined Coretronic Projectors . . . ."  Docket No. 155 (hereinafter "Order regarding Motion to Compel") at 2.  The order also went on to say that "[n]o response under this Order is deemed an admission of infringement or a legal conclusion."  Id.  Coretronic answered the interrogatory, listing the twenty-four projector models at issue here, stating:

> Coretronic conducted a reasonable investigation to determine models of projectors that potentially may have the same configuration with respect to ventilation and/or lamp modules. . . . Coretronic has found no records or knowledge that would readily identify projectors that actually have the same configuration as the accused Coretronic Projectors, but in good faith provides the following list of projectors that potentially may have the same configuration with respect to ventilation and/or lamp modules based on information obtained during its investigation . . . .

Utermohlen Dec., Exh. 1 at 2–3.  Seiko claims it is relying upon the interrogatory answer merely for the factual assertion therein—that the projectors are similarly designed—not a legal conclusion on the issue of infringement.

It is clear that Coretronic's responses to Judge LaPorte's order do not constitute an admission.  Indeed, Judge LaPorte explicitly stated so in her order.  Furthermore, during the hearing on this matter, with respect to interrogatory number 15, Judge LaPorte stated that Seiko cannot "be encouraged to play any kind of games by saying, [w]ell, we gotcha because you said this was the same; therefore, somehow, you know, this plays into a legal conclusion."  Rader Dec., Exh. 1 at 26:23–27:2.  She also made it clear that Seiko was to conduct its own investigation before making any new allegations.  Id. at 19:14–16 ("plaintiffs will have to do their own investigation with the Answer to Interrogatory 15."), 17:14–21 ("it's the plaintiff's problem to conduct their own investigation of the list").  These admonitions, however, were with respect to the much broader interrogatory number 15, which required Coretronic to "identify[], by brand and model number, all projector models designed and/or manufactured by Coretronic from January 1, 2004 to the present that have been sold under a brand name other than Coretronic or Optima."  Order regarding Motion

4

to Compel at 2. Coretronic has not identified any statements that evidence the same duty to investigate with respect to interrogatory number 1, the answers to which are at issue here. Consequently, Seiko's reliance on Coretronic's interrogatory responses in order to assert its new allegations is not directly contrary to Judge LaPorte's specific instructions.[3]

During the motion to compel hearing, Judge LaPorte explicitly contemplated the present motion. She stated that she "wouldn't allow a huge broadening of the case." At the same time, however, she stated that the factors she "would be looking more favorably on: Are there identical or very similar products that are just marketed under a different name, and essentially raises [sic] the same set of issues; looking at a case, you know, that would make sense for a judge, and ultimately a jury, if necessary." Rader Dec., Exh. 1 at 7:16–8:14.

Coretronic stated that these particular models may potentially have the *same* configuration as those already identified as allegedly infringing. Thus, Seiko has a basis to assert that these newly discovered models may also be infringing. Seiko's use of discovery to expand its infringement contentions does not change the court's analysis. Indeed, discovery is often used to garner information not available to the proponent in order to thereafter expand the scope of litigation. This expansion is legitimate where it comes within the metes and bounds of the patent claims already in issue. Seiko's failure to purchase or physically examine the projectors is not fatal. Seiko has represented that it has been unable to inspect the projectors in spite of diligent efforts to do the same. Consequently, it may rely on Coretronic's representation that the projectors in question potentially have the same configuration as the other allegedly infringing products. As noted above, this does not lead to any legal conclusions, just further allegations. In sum, good cause has been shown.

Coretronic claims they will be unfairly prejudiced if they are required to respond to discovery requests regarding these newly asserted products. However, Seiko was unaware of these products until Coretronic disclosed them to Seiko. In fact, Seiko could not have known of these products until Coretronic's disclosure. Coretronic's prejudice, if any, is therefore self-inflicted. Had Coretronic released this information earlier, Seiko could have incorporated these potentially infringing products into its preliminary infringement contentions. Furthermore, the court notes that no prejudice stems from the fact that a claim construction order has already issued. Here, the only

5

basis for the addition of these projectors is their potential identical configuration relative to previously identified projectors. Coretronic has not demonstrated how their case strategy would have been different had the projector models in question here been listed in the preliminary infringement contentions.

In any event, the court is aware of the unique situation created by this holding at this stage in the litigation. Seiko alleges that only limited additional discovery is necessary. Consequently, the court will stay any discovery with respect to the newly asserted projectors until a decision is rendered on the parties' summary judgment motions regarding invalidity unless the parties stipulate otherwise or establish a compelling reason to lift the stay. As Seiko proposes, this discovery will be limited to the issues of damages and infringement.

Finally, Coretronic claims that, as of June 19, 2007, Seiko specifically knew of two of projector models in question here since those projectors were included in Seiko's first set of interrogatories. See Rader Dec., Exh. 5 at 2–3. Therefore, they claim, Seiko cannot demonstrate good cause with respect to these two models because it knew of their existence and nevertheless failed to include them in its preliminary infringement contentions. Seiko explains the delay by stating that it is merely seeking to add additional model names for projector configurations that it has already claimed are infringing. This argument falls flat because this motion is directed toward the addition of specific projector model names into the infringement contentions, not new "configurations." Seiko claims that if a certain projector configuration has already been accused, then adding to the preliminary infringement contentions specific projector models that practice that configuration is basically irrelevant. However, Seiko brought this motion, which undercuts the entire argument that specific infringing models need not be listed. Nevertheless, Seiko demonstrates good cause with respect to these two projector models by stating that Coretronic withheld specific information regarding their manufacture when they initially responded to Seiko's interrogatories. Specifically, defendants only now disclose that these two projectors are potentially configured in the same manner as two other projectors. This information, previously unknown to Seiko, constitutes good cause for the amendment.

6

CONCLUSION

For the foregoing reasons, plaintiff's motion to amend its preliminary infringement contentions is GRANTED.

IT IS SO ORDERED.

Dated: June 20, 2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. Seiko's motion to seal the following documents is hereby GRANTED: 1) Motion to Amend its Preliminary Infringement Contentions; 2) Exhibits 1, 4 and 5 to Seiko's proposed supplemental preliminary infringement contentions; and 3) Exhibit 1 of Utermohlens's declaration in support of the Motion to Amend Preliminary Infringement Contentions.

2. The district's newly amended patent rules do not apply here since they are effective only for cases filed on and after March 1, 2008.

3. For the same reasons, the court DENIES Coretronic's request for sanctions against Seiko for bringing this motion.