1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

9

SEIKO EPSON CORPORATION,                    No. C 06-06946 MHP

10

            Plaintiff/Counter-Defendant,

11

   v.                                                      **Re: Defendants' Motion for Leave to File a**
**Motion for Reconsideration of Claim**
**Construction Order**

12

CORETRONIC CORPORATION and
OPTOMA TECHNOLOGY, INC.,

13

14

            Defendants/Counter-Claimants.

15

                                   /

16

      On May 16, 2008, the court entered an order construing the term "second exhaust fan" in

17

U.S. Patent No. 6,739,831 ("the '831 patent"), asserted by defendants (collectively "Coretronic"), to

18

mean a "fan, in addition to one other fan somewhere else in the projector, at the end of the cooling

19

path for drawing air out of the projector."  Docket No. 183 (Claim Const. Order) at 24.  On May 29,

20

2008, in response to Seiko Epson's request, the court clarified that the one "other fan" must be an

21

"exhaust fan."  Docket No. 194 at 1-2.  On July 9, 2008, the parties stipulated to non-infringement of

22

the asserted claims, and the court entered the stipulation on July 15, 2008.

23

      At some point after stipulating to non-infringement of the '831 patent, Coretronic decided to

24

obtain a new certified translation of its Taiwanese priority patent application.  Coretronic now

25

asserts that the new translation has brought to light a fact that is materially different from what was

26

presented to the court.  See Civ. Local R. 7-9(b).  According to Coretronic, the new translation

27

shows that the U.S. patent was originally filed with an error in claim 5.  This supposed error not only

28

remained in claim 5 throughout its prosecution history, but was reinforced by patentee's own

United States District Court

For the Northern District of California

**United States District Court**
For the Northern District of California

1   amendment during prosecution.  According to Coretronic, the error is significant enough to warrant

2   revisiting the construction of "second exhaust fan."

3          There are multiple reasons why leave will not be granted.  First, this is not the "emergence of

4   new material facts . . . occurring after the time of [the] order," per Civil Local Rule 7-9(b)(2).  The

5   supposedly erroneous language at issue is found in Coretronic's own patent application.  The

6   application was filed in 2001; Coretronic has had possession of it for the better part of a decade.

7   Even if material, the purported error in claim 5 cannot be said to have emerged after the claim

8   construction order issued.  For similar reasons, subparagraph (b)(1) of the local rule does not apply.

9   Under that provision, the party requesting leave must show that "in the exercise of reasonable

10  diligence" it did not know the fact that the time of the interlocutory order.  In Bd. of Trs. of Leland

11  Stanford Junior Univ. v. Roche Molecular Sys., Inc., 2008 WL 706251 (N.D. Cal. 2008) (Patel, J.), a

12  case relied upon by Coretronic, Stanford's motion for leave was granted after Stanford obtained

13  testimony from Roche's expert relevant to claim construction.  In that case, Stanford obtained a

14  relevant admission from its opponent's expert in the regular course of discovery that followed claim

15  construction.  Id. at 2.  Here, Coretronic, a Taiwanese company, had its Taiwanese patent application

16  in its own possession for years.  Moreover, as Coretronic admits, the question of claim 5's meaning

17  and history arose within the normal course of briefing in advance of the issuance of the claim

18  construction order.  Coretronic has not shown that reasonable diligence would not have unearthed

19  this fact in a timely fashion.

20         Coretronic has also not made out a prima facie case showing that the supposed translation

21  error is relevant to the construction of "second exhaust fan."  The new translation of the patent was

22  not before the examiner.  Accordingly, it is not intrinsic evidence.  Moreover, the supposed "error"

23  in claim 5 was a part of the U.S. patent from its inception, persisted even after the examiner drew

24  Coretronic's attention to a problem with claim 5's antecedent basis, and is part of claim 5 of the '831

25  patent.  While the words of a foreign priority patent application can be relevant to the interpretation

26  of a related U.S. patent, they are certainly not more authoritative than the words of the patent itself.

27

28

2

**United States District Court**
For the Northern District of California

1    On the facts as recited by Coretronic in its moving paper, the court cannot discern any basis for

2    granting leave to file a motion for reconsideration.

3           The court notes that Seiko Epson filed an opposition brief, and Coretronic filed a reply brief,

4    to the instant motion.  These papers need not have been filed.  <u>See</u> Civ. Local R. 7-9(d) ("Unless

5    otherwise ordered by the assigned Judge, no response [to a motion for leave to file a motion for

6    reconsideration] need be filed . . . . If the judge decides to order the filing of additional papers or that

7    the matter warrants a hearing, the judge will fix an appropriate schedule.").  The filing of a full

8    round of briefing on *a motion for leave to file* a motion for reconsideration ignores the purpose of the

9    rule requiring leave, which is to discourage the reflexive filing of motions for reconsideration, both

10   to conserve judicial resources and to minimize needless expense to the litigants.  Often, the movant's

11   motion for leave does not on its face state an adequate reason for the court to grant leave.  Where, on

12   the other hand, a motion for leave is granted, the non-movant receives an opportunity to oppose the

13   merits of movant's motion for reconsideration.  There is no benefit to the non-movant in filing a

14   detailed opposition to the motion for leave itself.

15          Coretronic's motion for leave is DENIED.

16

17          IT IS SO ORDERED.

18

19

20   Dated: May 22, 2009

21                                                                      MARILYN HALL PATEL
                                                                        United States District Court Judge
22                                                                      Northern District of California

23

24

25

26

27

28

                                                  3